UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOEL JOHNSON,

                  Plaintiff,

  -vs-                                          10 Civ. 5359 (PKC) (JLC)

                                                      MEMORANDUM
                                                      AND
                                                      ORDER

NEW YORK CITY (CORPORATION COUNSEL),
et al.,

                  Defendants.
------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-21-11

P. KEVIN CASTEL, District Judge:

        Plaintiff Joel Johnson, proceeding pro se, brought an action pursuant to 42 U.S.C § 1983 against "New York City (Corporation Counsel)," Dr. Dora B. Schriro, Commissioner of the New York City Department of Correction, Captain Evan, and Correction Officers Ross and Northfleet seeking compensation for injuries sustained from a slip and fall incident while an inmate at Riker's Island. (Docket # 2.). On April 30, 2011, this Court issued a Memorandum and Order granting the City of New York's and Dr. Schriro's motion to dismiss for failure to allege a cognizable constitutional deprivation and failure to allege a Monell claim. Johnson v. New York City (Corporation Counsel), 2011 WL 1795284, at *4 (Apr. 30, 2011). The claims against Officer Northfleet were also dismissed, pursuant to Rule 4(m), Fed. R. Civ. P. Id. at *7. The claims against Captain Evan and Correction Officer Ross, however, were not dismissed because as reflected on the docket, defense counsel had only appeared on behalf of the City of New York and Dr. Schriro and the motion to dismiss was filed on behalf of these

defendants only. Id. Defendants now move, pursuant to Local Civ. Rule 6.3 and Rule 59(e), Fed. R. Civ. P., for reconsideration of the dismissal on behalf of the City of New York and Dr. Schriro rather than all defendants and to amend the judgment accordingly. (Docket # 25.) Defendants assert that "the Court erroneously determined that the motion to dismiss was made on behalf of the City and [Dr.] Schriro only."[1] (Defs. Mem. 5.) For the reasons set forth below, defendants' motion is granted.

LEGAL STANDARD FOR MOTIONS TO RECONSIDER UNDER LOCAL CIVIL RULE 6.3 AND RULE 59(E)

The standards for relief under Local Civil Rule 6.3 and Rule 59(e), Fed. R. Civ. P. are "identical." Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999). "Local Civil Rule 6.3 elaborates on Fed. R. Civ. P. 59(e) and provides a vehicle for a party to call the court's attention to facts or controlling decisions it believes the court overlooked in reaching its prior decision." Truong v. Charles Schwab & Co., Inc., 2009 WL 464452, at *1 (S.D.N.Y. Feb. 24, 2009) (quotation marks and footnote omitted). The standards for granting a motion to reconsider under Rule 59(e) are strict: "[r]econsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Cordero v. Astrue, 574 F. Supp. 2d 373, 380 (S.D.N.Y. 2008) (citation and quotation marks omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (citation and

---

[1] Defendants filed their motion for reconsideration on May 9, 2011. (Docket # 25.) Plaintiff has not submitted any opposition papers, nor has he requested an extension of time to do so. The motion is therefore deemed fully briefed.

quotation marks omitted). While a court may grant the motion "to correct a clear error of law or prevent manifest injustice," Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004), "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

APPLICATION

Here, defendants have identified a docketing error that resulted in the Notice of Appearance and likely, defendants' subsequent motion to dismiss, being filed on behalf of the City of New York and Dr. Schriro, rather than all defendants. Based on these docket entries and the phraseology used in defendants' brief, the Court treated defendants' motion to dismiss as filed on behalf of only those defendants for whom counsel had appeared and filed the motion, as reflected in the docket. The Notice of Appearance, filed February 10, 2011, however, requests that the Clerk of the Court enter the appearance of defense counsel "on behalf of defendants in the above-titled action" and the Notice of Motion, filed February 24, 2011, states that "defendants will move this Court . . . for an Order . . . dismissing the Complaint . . . ." (Docket # 16-17.) But the docket reflects that the Notice of Appearance and the motion to dismiss were filed on behalf of the City of New York and Dr. Schriro, but not the other defendants.[2] Reference to "the defendants" in defendants' papers submitted in support of their motion to dismiss did not aid in identifying this docketing error or clarifying whether defense counsel's use of the term "the defendants" referred to all the defendants named in the Complaint or just the defendants for whom defense counsel had appeared and filed the motion on behalf of,

---

[2] Notably, Captain Evan, and Officers Ross and Northfleet were named in the Complaint by listing their name, rank, and the title, "Jane Doe" or "John Doe." (Docket # 2.) This likely complicated the docketing and filing of the papers in this case.

3

as reflected on the docket. Although the docket does not indicate that defense counsel has appeared on behalf of all defendants, the Notice of Appearance includes a notation indicating that plaintiff was sent a copy of this document; thereby giving plaintiff notice that defense counsel was appearing on behalf of all defendants and therefore filing the motion to dismiss on behalf of all defendants. (Docket # 16.)

In light of the above and this Court's conclusion in the April 30, 2011 Memorandum and Order that the Complaint fails to state a cognizable constitutional claim against any defendant, the claims against all defendants are dismissed for failure to state a cognizable constitutional violation. See Johnson, 2011 WL 1795284, at *1, 4 (describing the allegations against Dr. Schriro, the City of New York, Captain Evan, and Officers Ross and Northfleet before concluding that the Complaint "fails to set forth specific allegations of fact which indicate that plaintiff was deprived of a constitutional right.")

CONCLUSION

Defendants' motion (Docket # 25) is GRANTED. The Clerk of the Court is directed to enter judgment for the defendants.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       June 21, 2011

4